UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LONNIE WILLIAMS,                          )
                                          )
                    Plaintiff,            )          Case No. 5:06-cv-78
                                          )
v.                                        )          Honorable Wendell A. Miles
                                          )
UNKNOWN SHEPPARD et al.,                  )
                                          )
                    Defendants.           )
_____)

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and ordered Plaintiff to pay the initial partial filing fee.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

I.     Factual allegations

Plaintiff is currently incarcerated at Standish Maximum Correctional Facility, but complains of events that occurred in November 2005 when he was housed at Ionia Maximum Correctional Facility.  In his *pro se* complaint, Plaintiff sues Ionia Maximum Corrections Officer (Unknown) Sheppard, Food Supervisors Frank Szostak and (Unknown) Bean, (Unknown) Stromal, (Unknown) Crosby, (Unknown) Watkins, (Unknown) Cobb, and (Unknown) Sanchaz.

Plaintiff claims that on November 18, 2005, he was pulled from his administrative segregation cell and placed in the shower while Defendants Sheppard, Stromal, Crosby, and Watkins, "overseen" by Defendants Cobb and Sanchaz, removed Plaintiff's property from his cell. He claims Defendants then packed Plaintiff's property into two boxes and placed it in the unit property room. One box was soon returned to Plaintiff, but he was told the other was lost.  When the second box was returned to Plaintiff, he noticed that several items totaling $250 in value were missing, including court transcripts, envelopes, carbon paper, magazines, religious books, lotion, soap, and receipts.  Plaintiff argues that Defendants violated "Plaintiff's rights" and violated MICH. DEP'T CORR. Policy Directive 04.07.112 (effective Nov. 15, 2004).

For relief, Plaintiff requests compensatory damages of $1,000 per Defendant and punitive damages of $1,000 per Defendant, totaling $12,000; attorney fees; and costs.

II.    <u>Failure to state a claim</u>[1]

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff does not specify the constitutional provision he claims Defendants violated when they removed his property from his cell and failed to return all of it to him. Reading his complaint indulgently, *see Haines,* 404 U.S. at 520, this claim sounds under the Due Process Clause of the Fourteenth Amendment.

Plaintiff's claim alleging a violation of his Fourteenth Amendment rights is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate

---

[1]Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action regarding prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Chuner*, 532 U.S. 731 (2001). Plaintiff alleges in his complaint that he grieved this issue through Step III of the prisoner grievance process, and was denied relief at every step. From these allegations it appears that Plaintiff has satisfied the exhaustion requirement. Even if Plaintiff had not fully exhausted his claims, the Court need not first require exhaustion of available administrative remedies because Petitioner's claims may be dismissed for failure to state a claim upon which relief can be granted. *See* 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir. 1998).

post-deprivation remedy.  *Parratt*, 451 U.S. at 537.  If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law."  *Id.*  This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure.  *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984).  When, as here, a plaintiff's claim is premised upon allegedly unauthorized intentional acts of state officials, he must plead and prove the inadequacy of state post-deprivation remedies.  *Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993).  Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due process action.  *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Here, Plaintiff has neither alleged nor proven that post-deprivation remedies available to him were inadequate; nor could he.  Plaintiff has a number of avenues of redress for his property claim.  First, the MDOC grievance procedure, which Plaintiff has already used, provided him an opportunity to seek relief.  *See Copeland*, 57 F.3d at 480, *citing* MICH. COMP. LAWS §§ 24.201-.403, 791.251-.255.  The fact that Plaintiff used this avenue, but did not obtain a favorable outcome, does not create a constitutional claim.  *See Skinner v. Bolden*, No 03-1553, 2004 U.S. App. LEXIS 4936, at *5 (6th Cir. Mar. 12, 2004) ("adequate post-deprivation process does not require a favorable result for the claimant").

Second, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation.  MICH. DEP'T OF CORR., Policy Directive 04.07.112 ¶ II(B) (effective Sept. 24, 1998).  Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board.  MICH. COMP. LAWS § 600.6419; MICH. DEP'T OF CORR., Policy Directive, 04.07.112 ¶ II(B) (effective Nov. 15, 2004).  Alternatively,

- 4 -

Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MICH. COMP. LAWS § 600.6419(1)(a).

The Sixth Circuit has specifically held that these post-deprivation remedies for deprivation of property are adequate. *See Copeland*, 57 F.3d at 480.  In a number of cases similar to this one, the Sixth Circuit has affirmed dismissal where the inmate failed to allege and show that state law post-deprivation remedies were inadequate. *Id.* at 479-80 (money wrongly removed from prison account); *Hunt v. Michigan*, No. 03-1810/2041/2099, 2004 U.S. App. LEXIS 5239, at *5 (6th Cir. Mar. 17, 2004) (confiscated chess set); *Lillie v. McGraw*, No. 97-3359, 1997 WL 778050, at *1 (6th Cir. Dec. 12, 1997) (television allegedly broken by prison officials); *Mowat v. Miller*, No. 92-1204, 1993 WL 27460, at *1 (6th Cir. Feb. 5, 1993) (money misapplied to a deficit in prison account).  Here, Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property. Accordingly, Plaintiff's complaint will be dismissed.

Plaintiff's claim that Defendant's violated  Policy Directive 04.07.112 also fails to state a claim.  Alleged violations of state law or Department of Corrections policy directives are not federal claims colorable under § 1983. *West,* 487 U.S. at 48; *Street,* 102 F.3d at 814.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: June 28, 2006                                        /s/ Wendell A. Miles
                                                            Wendell A. Miles
                                                            Senior U.S. District Judge